IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                          16-CR-41

LAURENCE SAVEDOFF,

                Defendant.

_____

## NOTICE OF MOTION AND MOTION TO CONDUCT INQUIRY INTO DEFENSE COUNSEL'S CONFLICTS OF INTEREST

**PLEASE TAKE NOTICE** that upon the attached motion, JAMES P. KENNEDY, JR., Acting United States Attorney for the Western District of New York, by Elizabeth R. Moellering and Kathleen A. Lynch, Assistant United States Attorneys for the Western District of New York, respectfully move this Court to conduct an inquiry into the conflicts of interest that may exist regarding Attorney Timothy Hoover's representation of Laurence Savedoff.

DATED: Buffalo, New York, February 8, 2017.

                                                JAMES P. KENNEDY, JR.
                                                Acting United States Attorney

              BY:        /s/ ELIZABETH R. MOELLERING
                            /s/ KATHLEEN A. LYNCH
                            Assistant United States Attorneys
                            United States Attorney's Office
                            Western District of New York
                            138 Delaware Avenue
                            Buffalo, New York 14202
                            Elizabeth.Moellering@usdoj.gov
                            Kathleen.Lynch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                        16-CR-41

LAURENCE SAVEDOFF,

              Defendant.

## MOTION TO CONDUCT INQUIRY INTO
## DEFENSE COUNSEL'S CONFLICTS OF INTEREST

JAMES P. KENNEDY, JR., Acting United States Attorney for the Western District of New York, The United States of America, by Elizabeth R. Moellering and Kathleen A. Lynch, Assistant United States Attorneys for the Western District of New York, respectfully move this Court to conduct an inquiry into the potential conflicts of interest that exist regarding Attorney Timothy Hoover's representation of Laurence Savedoff.

## PROCEDURAL HISTORY

1.     On April 13, 2016, a 24 count indictment was returned which charged the defendant, LAURENCE SAVEDOFF, with violations of Title 18, United States Code, Sections 1349 (Conspiracy to Commit Wire and Mail Fraud Affecting a Financial Institution), 1341 and 1343 (Wire and Mail Fraud Affecting a Financial Institution), and 1344 (Bank Fraud).  See Dkt. 1.  The case was assigned to Honorable Laurence J. Vilardo, United States District Judge.

1

2.      On April 18, 2016, the defendant was arraigned on the indictment before Magistrate Judge H. Kenneth Schroeder. He was represented by Richard Willstatter, Esq. at the arraignment. See Dkt. 2. Mr. Willstatter maintains an office in White Plains, New York.

3.      On October 13, 2016, Timothy Hoover formally notified the court that he would also represent Mr. Savedoff. See Dkt. 22. Magistrate Judge Schroeder recused himself from the case on November 16, 2016 (see Dkt. 26) and the case was assigned to this Court. On January 5, 2017, Judge Lawrence Vilardo recused himself from the case and it was assigned to the Honorable Frank P. Geraci. See Dkt. 35.

## ARGUMENT

4.      A conflict of interest has become apparent in the representation of the defendant by Timothy Hoover. Mr. Hoover and his firm, Hodgson Russ LLP, represent both (1) Laurence Savedoff, the defendant, and (2) M&T Bank, an affected financial institution and victim in this case.

5.      Furthermore, the government has been advised that M&T is in litigation with another witness in this case, The Funding Source. Upon information and belief, that litigation is related to one or more of the transactions alleged in the indictment. It is our understanding that Hodgson Russ represents M&T Bank in that litigation.

6.      An attorney and law firm's simultaneous representation of a defendant and victim in related litigation is an actual and/or potential conflict of interest. Mr. Hoover's and his firm's representation of their multiple clients potentially poses a conflict in regard to their

ability to provide undivided loyalty to both. For example, the attorney representing witnesses at the trial of Mr. Savedoff must be able to give advice about providing truthful testimony so that the client will avoid perjury exposure. It is possible that truthful testimony by those witnesses would be adverse to Mr. Savedoff's interests. Put simply, the same attorney and firm should not represent both Mr. Savedoff and the witnesses who will be called at the trial.

7.     A defendant's Sixth Amendment right to be represented by counsel of choice is one that may not be ignored lightly. See United States v. Gonzalez-Lopez, 548 U.S. 140 (2006) (wrongful denial of counsel of choice results in automatic reversal of conviction). Nevertheless, the Sixth Amendment's right to counsel also includes "a correlative right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271 (1981) (remanding for determination of whether attorney representing employee but paid by employer suffered "actual conflict"). An actual conflict of interest occurs when the interests of counsel and the defendant "diverge with respect to a material factual or legal issue or to a course of action." Cuyler v. Sullivan, 446 U.S. 335, 356 n.3 (1980).

8.     The first step in resolving a possible conflict of interest is to ascertain the nature of the problem. Therefore, the court in a pretrial setting must "initiate an inquiry when it knows or reasonably should know of the possibility of a conflict of interest." Strouse v. Leonardo, 928 F.2d 548, 555 (2d Cir. 1991). In a criminal case, the government has an obligation to advise the court about potential conflicts. See United States v. Levy, 25 F.3d 146, 152 (2d Cir. 1994). If the court is alerted by a timely objection before trial to a possible conflict, it must either appoint separate counsel or determine whether a conflict exists. See Holloway v. Arkansas, 435 U.S. 475, 488-490 (1978).

3

9. The Second Circuit applies the same analysis to all conflict of interest scenarios. See United States v. Fulton, 5 F.3d 605, 609 (2d Cir. 1993). The essential inquiry is whether the conflict is an actual conflict, a potential conflict or no conflict at all. If an actual conflict is discovered at the district court level and "is so egregious that no rational defendant would knowingly and voluntarily desire the attorney's representation, then the court must disqualify the attorney." United States v. Lussier, 71 F.3d 456, 461 (2d Cir. 1995).

10. If the actual conflict is less troubling or the conflict is only potential, the district court still has the discretion to disqualify counsel based upon its "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat v. United States, 486 U.S. 153, 160 (1998); see also United States v. Zichettello, 208 F.3d 72, 104 (2d Cir. 2000) ("ubiquitous" conflicts gave court "ample basis … to conclude that the conflicts … were severe and hence disqualification was necessary").

11. If the court determines that an actual or potential conflict exists but it "would not fundamentally impair the lawyer's representation," then the district court must inquire if the defendant is willing to make a knowing, intelligent waiver in accordance with the procedures set out in Curcio, 680 F.2d at 888-90. If the defendant has expressed his willingness to make a waiver the court must hold a hearing to examine whether the defendant has made that waiver properly. This hearing is to determine if the defendant in fact is making a knowing and intelligent waiver of his right to a conflict-free attorney of his choosing.

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the

dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*Perez*, 324 F.3d at 119. In this case the court should make a determination that the defendant understands the risks and pitfalls of proceeding with Mr. Hoover and has had the opportunity to make a knowing and intelligent waiver.

## CONCLUSION

12. Accordingly, a hearing and inquiry should be conducted by the Court and a determination made as to whether a conflict exists and whether attorney Timothy Hoover and his firm, Hodgson Russ, should be disqualified. Upon conducting such hearing, if the Court determines that defendant is capable of making a knowing and voluntary waiver of the conflict of interest inherent in the present representation, the government requests that the defendant be provided with a written waiver of the conflict of interest which is explained to, and executed by, the defendant on the record in open court.

DATED: Buffalo, New York, February 8, 2017.

                                            JAMES P. KENNEDY, JR.
                                            Acting United States Attorney

                         BY:     /s/ ELIZABETH R. MOELLERING
                                     /s/ KATHLEEN A. LYNCH
                                     Assistant United States Attorneys
                                     United States Attorney's Office
                                     Western District of New York
                                     138 Delaware Avenue
                                     Buffalo, New York 14202