IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                          16-CR-41

LAURENCE SAVEDOFF,

                    Defendant.

---

## GOVERNMENT'S REPLY TO MOTION TO CONDUCT INQUIRY INTO DEFENSE COUNSEL'S CONFLICTS OF INTEREST

    The government filed a motion to conduct an inquiry into defense counsel's potential conflicts of interest. (Dkt. 56). The defendant, Laurence Savedoff, responded to the government's motion and opposed conducting an inquiry. (Dkt. 60). The United States of America, by and through James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Elizabeth R. Moellering and Kathleen A. Lynch, Assistant United States Attorneys, of counsel, hereby file this reply on behalf of the government.

### INTRODUCTION

    There is an apparent conflict of interest in the representation of the defendant by Timothy Hoover as Mr. Hoover and his firm, Hodgson Russ LLP, represent both (1) Laurence Savedoff, the defendant, and (2) M&T Bank, an affected financial institution and victim in this case. This Court should grant the government's motion for an inquiry and make the appropriate inquiries on the record for the following two reasons.

First, the government's motion for an inquiry is timely as it was filed shortly after the government learned of the potential conflict in early December 2016 and any delay does not prejudice the defendant as the procedural posture of the case is early in the litigation process where the present motion was filed three months before pre-trial motions are due.

Second, there is a potential conflict here where a law firm represents both the defendant and a witness in the same matter, as well as representing the witness in other related litigation. The defendant's response states that both the defendant and the witness have waived this conflict, however the government and the Court have not been provided copies of the waivers. The Court should be allowed to inspect the waivers and to query on the record whether or not they were intelligent, knowing and voluntary.

**ARGUMENT**

I.   **THE GOVERNMENT'S MOTION IS TIMELY**

The Second Circuit has found that a "trial court has an obligation to inquire into the facts and circumstances of an attorney's interests either in response to a timely conflict of interest objection, or 'when it knows or reasonably should know of the possibility of a conflict of interest." United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996) (citing Holloway v. Arkansas, 435 U.S. 475, 488 (1978) and Strouse v. Leonardo, 928 F.2d 548, 555 (2d Cir. 1991)).

On December 2, 2016, the government learned that there was an ongoing civil case between The Funding Source and M&T Bank that involved mortgage loans that are the

subject of or related to the scheme charged in the present indictment.  In this civil suit, <u>The Funding Source LLC v. M&T Bank Corp.</u>, No. 810030/2014 (Sup. Ct. Erie Cty.), M&T Bank is represented by Hodgson Russ, LLP.  Upon receiving this information on December 2, 2016, the government first questioned whether there was an actual or potential conflict of interest in this case.

On December 9, 2016 and again on December 15, 2016, the government reached out to defendant's counsel regarding this possible conflict.  In response, on December 15, 2016, attorney Hoover wrote an email to the government stating: "the civil case you reference that has been pending for quite a while, and we are aware of it, and the necessary steps have been taken."  However, attorney Hoover did not provide a description of the steps taken or copies of any waivers.

In order to further probe the issue, the government requested a telephone conference with attorney Willstatter.  As indicated in the defendant's response, counsel spoke on or about December 20, 2016.  During this conversation, the government advised that it was obligated to file a motion for an inquiry into the possible conflict.

The government filed the present motion on February 8, 2017.  The time that elapsed between December 20, 2016 and February 8, 2017 does not make the government's motion untimely.  The government has been unable to find any cases that stand for the proposition that a delay of this length renders the instant motion untimely.  Even if this short delay could

3

be considered untimely, it in no way prejudices the defendant here where the motion was filed before voluntary discovery was due (February 9, 2017) and approximately three months before pre-trial motions are due (May 1, 2017).

The question of when Mr. Hoover entered the case is not relevant to this inquiry. Even if he attended the defendant's arraignment on April 18, 2016, he did not appear on the record in the case or formally notice his representation of the defendant until October 13, 2016. Regardless of when he entered the case, it was not until December 2, 2016, when the government was made aware of the litigation where Hodgson Russ represents M&T Bank involving the same or similar loans to those charged in the indictment.[1] Thus, the government's motion for an inquiry is timely and should be considered by this Court.

## II. THERE IS A POTENTIAL CONFLICT HERE AND THE COURT SHOULD MAKE APPROPRIATE INQUIRIES

An attorney and law firm's simultaneous representation of a defendant and victim in the same case as well as the victim in related litigation is an actual and/or potential conflict of interest. There is no question that Mr. Hoover works at Hodgson Russ, LLP and that he represents defendant Savedoff in this indictment. Additionally, Hodgson Russ, LLP represents M&T Bank in various litigation, including an ongoing civil matter which involves some of the same loans that are part of the scheme laid out in this indictment. Moreover, at a trial on this indictment, the government will call one or more witnesses from M&T Bank to

---

[1] The defendant cites two civil cases related to M&T Bank. The first is United States ex rel. Kelschenbach v. M&T Bank Corp., No. 13-CV-280-S (W.D.N.Y.). That case did involve AUSA Lynch as noted by the defendant, however it did not involve any loans originated by The Funding Source like the ones at issue in the present indictment. The second is The Funding Source LLC v. M&T Bank Corp., No. 810030/2014 (Sup. Ct. Erie Cty.). The government is not a party to that case and prior to December 2, 2016, was unaware it involves loans that are charged as part of or related to the scheme from the present indictment.

testify about losses related to the scheme alleged in the indictment and the wires that are the basis for counts 7, 9, 11, 14 and 16, all of which are alleged against defendant Savedoff.

The first step in resolving a possible conflict of interest is to ascertain the nature of the problem.  Therefore, the court in a pretrial setting must "initiate an inquiry when it knows or reasonably should know of the possibility of a conflict of interest."  Strouse v. Leonardo, 928 F.2d 548, 555 (2d Cir. 1991).   Nothing cited in the defendant's response refutes this point.  Thus, the Court should make an inquiry into the possible conflicts in this case.

The government understands that certain conflicts may be waived.  If the Court determines that an actual or potential conflict exists but it "would not fundamentally impair the lawyer's representation," then the district court must inquire if the defendant is willing to make a knowing, intelligent waiver in accordance with the procedures set out in Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).  If the defendant has expressed his willingness to make a waiver, the Court must hold a hearing to examine whether the defendant has made that waiver properly.  This hearing is to determine if the defendant in fact is making a knowing and intelligent waiver of his right to a conflict-free attorney of his choosing.

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

United States v. Perez, 325 F.3d 115, 119 (2d Cir. 2003).

In this case, the Court should make a determination that the defendant understands the risks and pitfalls of proceeding with Mr. Hoover and has had the opportunity to make a knowing and intelligent waiver. Additionally, the Court should make the same determination regarding Hodgson Russ's representation of M&T Bank to ensure that they have also had the opportunity to make a knowing and intelligent waiver. The defendant's response notes that "Mr. Savedoff and M&T Bank have consented to Mr. Hoover's representation of Mr. Savedoff." (Dkt. 60 at ¶ 39; see also ¶ 16-17). The Court and the government should be provided with evidence of this consent to include copies of any waivers provided so that the Court and the government can be satisfied that the waivers are intelligent, knowing and voluntary.

Additionally, the defendant's response notes that "Mr. Hoover does not represent M&T Bank in the civil case, or in any other litigation." (Dkt. 60 at ¶ 33). However, it is well settled law that "[a]n attorney's conflicts are ordinarily imputed to his firm based on the presumption that 'associated' attorneys share client confidences." Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127, 133 (2d Cir. 2005). Thus, the fact that Hodgson Russ LLP represents M&T Bank is imputed to Mr. Hoover. The government notes that this presumption can be rebutted where the firm has instituted "practices and structures … sufficient to avoid disqualifying taint" including "the intentional construction of a 'Chinese Wall' or [other] *de facto* separation that effectively protects against any sharing of confidential information." Id., at 137-138. However, the defendant has not provided any evidence of such practices and structures in this matter. If such practices are in place, the government would request that the Court inquire into them to be sure that they are sufficient.

The defendant's argument that the government's motion is insufficient because it does not contain an affidavit and therefore fails to put any facts into dispute is not dispositive.  The government is not in possession of the facts as they relate to Mr. Hoover's representation of the defendant and any waivers that the defendant may have entered into, nor was the government aware of whether or not M&T has entered into a waiver.  Additionally, the government is not aware of whether Hodgson Russ, LLP has enacted appropriate practices and structures to maintain client confidences such as an ethical wall.  This is precisely why the government has moved for the Court to conduct an inquiry – so that it can be established on the record that any safeguards that have been put in place are appropriate and that any waivers that have been completed are intelligent, knowing and voluntary.   The government respectfully urges this Court to conduct an inquiry in accordance with the procedures set out in Curcio, 680 F.2d at 888-890 and Perez, 325 F.3d at 119.

## CONCLUSION

For the foregoing reasons, an inquiry should be conducted by the Court and a determination made as to whether a conflict exists and whether any appropriate safeguards as discussed herein have been met.

DATED: Buffalo, New York, March 3, 2017.

|  |  |
|---|---|
| JAMES P. KENNEDY, JR.<br>Acting United States Attorney | JAMES P. KENNEDY, JR.<br>Acting United States Attorney |
| BY:  /s/ ELIZABETH R. MOELLERING<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202<br>716-843-5872<br>Elizabeth.Moellering@usdoj.gov | BY:  /s/KATHLEEN A. LYNCH<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York  14202<br>716-843-5830<br>Kathleen.Lynch@usdoj.gov |