UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

United States of America

    v.

Laurence Savedoff,

      Defendant.

**Decision and Order**

16-CR-41G

---

I.   INTRODUCTION

  On February 8, 2017, the Government filed a motion (Dkt. No. 56) to have the Court inquire about any possible conflicts of interest that attorney Timothy Hoover might have representing defendant Laurence Savedoff. Specifically, the Government expressed concern that Hoover's firm, Hodgson Russ LLP, does work for M & T Bank, an alleged victim in this case. As the case approaches trial, there is a possibility that Hoover's work for Savedoff would compromise M & T's interests as a possible Government witness and as a victim, including the interest in seeking full restitution. Savedoff has opposed the Government's motion, arguing *inter alia* that the Government has not identified the possible conflict specifically enough and that, in any event, both he and M & T are aware of the situation and have made appropriate waivers.

  The Court held oral argument on March 28, 2017 and conducted a colloquy with Savedoff and counsel to fulfill its "threshold obligation to determine whether the attorney has an actual conflict, a potential conflict, or no conflict." *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) (citation omitted). After hearing oral argument and after considering the parties' papers, the Court agrees with the Government about the theoretical possibility of a problem down the road.

If M & T testifies at trial through a representative and asserts full victim rights under 18 U.S.C. § 3771 then the same law firm could wind up trying to minimize victim relief for Savedoff's sake and trying to maximize it for M & T's sake.  Nonetheless, the Court conditionally is satisfied that Savedoff and his counsel have taken appropriate steps to address any potential conflict as needed at this time.  *See, e.g., United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (for potential conflicts, courts "may accept a defendant's knowing and intelligent waiver of his right to conflict-free counsel and permit the defendant to be represented by the attorney of his choice") (citations omitted).  The Court's colloquy with Savedoff confirms that he understands the situation and has made a knowing, intelligent, and voluntary waiver.  The Court accepts Hoover's representations that M & T also has made a knowing, intelligent, and voluntary waiver privately and that Hoover's firm has taken appropriate ethical precautions.

The only condition that the Court will require, for the sake of a complete record, is the filing of appropriate affidavits from Savedoff and from a representative of M & T.  If Savedoff's counsel can arrange for the filing of those affidavits on or before April 14, 2017 then the Court will deny the Government's motion without prejudice.

SO ORDERED.

/s Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: March 28, 2017

2